IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEANDRE MEYERS**,<br><br>                              Plaintiff,<br><br>         v.<br><br>**TARGET CORPORATION**,<br><br>                              Defendant. | Case No.  1:24-cv-3730<br><br>Honorable Jorge L. Alonso<br><br>Magistrate Jeffrey Cole |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS PARTIAL MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT[1]**

Defendant, Target Corporation ("Target"), by and through its attorneys, Littler Mendelson, P.C, hereby submits the following Memorandum of Law in Support of its Partial Motion to Dismiss Count I of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In support of its Motion, Defendant states as follows:

### I.     INTRODUCTION

Plaintiff, Deandre Meyers ("Meyers" or "Plaintiff"), a former at-will employee of Target Corporation ("Target") filed a Complaint against Target in the Circuit Court of Cook County, Illinois ("Complaint"). In the Complaint, Plaintiff alleges that he sought benefits under the Workers' Compensation Act and that Defendant discharged his employment in retaliation for

---

[1] Because Defendant has filed this Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Defendant has deferred answering Plaintiff's Complaint until the Court rules on this pending Motion. *See, e.g., Vendetti v. Compass Env't, Inc.,* No. 06 CV 3556, 2006 WL 8199711, at *3 (N.D. Ill. Oct. 25, 2006) ("a defendant's filing of a partial motion to dismiss automatically extends its time to answer the unchallenged counts, as if it had moved to dismiss all counts"); *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. Mar. 31, 1997) (holding partial motion to dismiss extended time for defendant to answer the complaint). Should the Court prefer that Defendant answers the claims not contemplated by the pending Motion, Defendant will, of course, promptly do so.

seeking the benefits. Defendant timely removed this case to this Court on May 7, 2024.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has explained, the purpose of the Rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order to survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). While Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Hence, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*, *quoting*, *Twombly*, 550 U.S. at 555. Nor will a complaint that tenders merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1949.

Under this standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)). As a result, even a complaint that pleads facts that are consistent with a

defendant's liability is insufficient. *Id*. Rather, the facts in the complaint must allow the court to reach a reasonable inference that the defendant is liable. *Id*.

In determining whether a complaint meets this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Only a complaint that states a plausible claim for relief based on these standards can survive a motion to dismiss. *Id*.

### III. ARGUMENT

In Count I of his Complaint, Plaintiff seeks to recover damages for violation of the Illinois Workers' Compensation Act (IWCA).[2] It is well settled that the IWCA does not provide a civil remedy for violation of Section 4(h). Section 305/4(h) states:

> It shall be unlawful for any employer ... to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

820 ILCS 305/4(h).

"Illinois courts interpret this section as stating Illinois' public policy against retaliation for filing workers' compensation claims." *Flasza v. TNT Holland Motor Exp., Inc.*, 159 F.R.D. 672, 681 (N.D. Ill. 1994). Because the statute does not provide for a civil remedy, a plaintiff cannot sue for the alleged statutory violation. *See id.* at n. 5 (granting motion for summary judgment on this basis and noting that defense should have been raised in a motion to dismiss); *see also Spearman v. Exxon Coal USA*, 16 F.3d 722, 724 (7th Cir. Ill. 1994) (recognizing a tort of retaliatory discharge

---

[2] Plaintiff incorrectly cites to 820 ILCS 305/1(h) in Count I of his Complaint. The language Plaintiff quotes in Count I is set forth in 820 ILCS 304/4(h), not 304/1(h). Either way, there is no civil remedy under the IWCA.

3

does not "arise" under the worker's compensation act); *Kelsay v. Motorola,* 74 Ill.2d 172, 185 (Ill. 1978) (establishing a private cause of action for retaliatory discharge of an employee who files a worker's compensation claim). Accordingly, Plaintiff's claims for violation of Section 4(h) of the IWCA fail as a matter of law.

## IV. CONCLUSION

Plaintiff's claims for violation of the Illinois Workers' Compensation Act fails as a matter of law because there is no civil remedy under the statute. Accordingly, Defendant, Target Corporation respectfully requests that the Court grant its Partial Motion to Dismiss Count I of Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).

Dated: June 4, 2024

Respectfully submitted,

**TARGET CORPORATION**

*/s/ Meg D. Karnig*
One of Its Attorneys

Lucy Bednarek, Bar No. 6269389
lbednarek@littler.com
Meg D. Karnig, Bar No. 6336145
mkarnig@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

4

## CERTIFICATE OF SERVICE

I, Meg D. Karnig, an attorney, hereby certify that on June 4, 2024, I caused a copy of ***Defendant's Memorandum of Law in Support of Its Partial Motion to Dismiss Count I of Plaintiff's Complaint*** to be electronically filed with the Clerk of Court, using the Court's CM/ECF system and served upon the following counsel of record:

Nathan C. Volheim
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148
nvolheim@sulaimanlaw.com

/s/ Meg D. Karnig